UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| STEVEN P LEE, and <br><br> KUMARIE WILLIAMS, <br><br> PLAINTIFF'S, <br><br> V. <br><br> CAMBRIDGE MANAGEMENT INC., <br><br> DEFENDANT. | CIVIL ACTION: <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF <br><br> JURY TRIAL DEMANDED <br><br> FILED BY MEE D.C. <br> OCT 13 2020 <br> ANGELA E. NOBLE <br> CLERK U.S. DIST. CT. <br> S.D. OF FLA. – W.P.B. |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. This is a claim for damages and injunctive relief brought by the Plaintiff's Steven P Lee and Kumarie Williams, proceeding Pro-Se, against the Defendant Cambridge Management Inc., pursuant to 42 U.S.C. §1981 (a)(b), Equal Rights Under Law.

**JURISDICTION AND VENUE**

2. This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332, as this action involves a federal question and whereas the Parties are diverse in citizenship and the amount of damages exceeds $75,000.00 USD.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391 (b)(2) because the events giving rise to these claims occurred in this district, and these claims concern or otherwise relate to real property located in this district of Palm Beach County.

1

## PARTIES

4. Plaintiff Kumarie Williams ("Williams") is an adult black female, who is the primary leasee of the Defendant rental property Chelsa Commons apartments in Greenacres, Palm Beach County, Florida, that is the basis of this action. She has leased from the Defendant for the last five years.

5. Plaintiff Steven P Lee ("Lee") is an adult black male, who has resided with Williams since November 1, 2019. He is a "tenant at will" pursuant to Florida Statutes § 83.01, through verbal agreement by the Defendant property manager, at Chelsa Commons apartments, that is the basis of this action. On November 1, 2019, when the Plaintiff's went to sign their new lease, for 12 months, the property manager, told Lee he didn't have to sign the lease, because it would increase the monthly rental rate by $400 per month. Lee, agreed with the property manager, and didn't sign the lease. However, under law, he is still responsible to follow, and benefit and enforce the terms and conditions of the lease, as a verbal agreement is recognized under Florida laws.

6. Defendant Cambridge Management Inc. ("Cambridge") is a property management company based in Tacoma, Pierce County, Washington. Cambridge manages Chelsa Commons apartments, where the Plaintiff's resides, in addition to, under information and belief, a total of 67 other properties throughout the State of Florida. Cambridge has a team of 500 employees managing its communities and more than 15,900 apartment homes. Cambridge accepts Section 8 and Housing Vouchers through the federal government.

## FACTS

7. In the past five years, Plaintiff's has never missed a monthly rental payment to the Defendant.

8. The Plaintiff's, through Florida Power Light (FPL) is setup on "budget billing", meaning their monthly power bill never exceeds $200 per month, unless unusual circumstances exists, to cause their monthly bill to increase above and beyond their monthly budget amount. Since October 5, 2018, the date the Plaintiff's budget billing was put into place, and until October 7, 2019, the Plaintiff's monthly power bill has never exceeded the $200 threshold amount.

9. On November 5, 2019, the Plaintiff's, were taken aback when they received their power bill over their budget amount. Upon contacting FPL, it was determined that a hot water line had broken 5 feet under their apartment. This leak caused the Plaintiff's not to have hot water inside their apartment. This leak has existed from November 2019 to date, leaving the Plaintiff's without hot water during the duration of their lease for the last 11 months.

10. The Plaintiffs have repeatedly complained to their property management office, and nothing to date, has been done to repair the leak. Each time the Plaintiff's complain, the property management ignores their complaints.

11. On October 2, 2020, Lee, called the Defendant corporate office, and threatened to call the local news station, in hopes of getting the leak repaired.

12. On October 2, 2020, after Lee called the corporate office, the Plaintiffs were told by the property manager that the leak would be repaired on Wednesday, October 7, 2020.

13. On Wednesday, October 7, 2020, Lee took off from work to be present inside the apartment for the workers to repair the leak, as Williams, who is a school teacher, couldn't take off, to be present with the workers, because the Plaintiffs minor kids, who are virtually learning, couldn't be left alone inside the apartment with the workers.

14. On Wednesday, October 7, 2020 at 11am, the leak detection company, American Leak Detection, arrived at the Plaintiffs apartment to locate the leak before the plumbers could

complete the work. The leak detection company identified where the leak was located, which is in the middle, underneath the Plaintiffs kitchen floor. However, the leak detection company refused to complete the job for the plumbers, because the Defendant did not have their payment as promised when they arrived at the Plaintiffs apartment. Therefore, the repair never happened, and Lee lost a day of pay ($120.00) from his job.

15. As a result of the Defendant total disregard towards resolving the broken leak, has caused the Plaintiffs to date, $1,792.90 in excess payments to FPL, in which the Plaintiffs cannot ignore and not pay, because their power bill would be shut off. Therefore, according to FPL, the Plaintiffs monthly power bill will keep increasing until the leak is fixed.

16. After the Plaintiffs complained about the incident on Wednesday, October 7, 2020, the Defendant solution, was in giving the Plaintiffs access to a another across the community, unit #802, to use hot water, which has only resulted in an inconvenience to the Plaintiffs, and jeopardizes the safety of the Plaintiffs minor daughter, because the minor daughter, who needed hot water, especially for certain times of the month, shouldn't had to walk across the community to use hot water, especially if no adult is at home during school hours.

17. Lee was told by a white neighbor, who lives in the same building, that each time they needed a repair done in their apartment, their property manager made sure it was fixed every time, due in part, because the neighbor and the property manager are friends.

18. Defendant intentional malicious actions towards the Plaintiffs, has caused irreparable harm, humiliation, inconvenience, infliction of emotional and mental distress, financial strains, loss of income, unwarranted concern for safety of minor kids, potential harm to health, and racial discrimination.

## COUNT I
### Violation of 42 U.S.C. §1981 (a) Discrimination
### against the Defendant

19. Plaintiff's re-alleges and incorporates by reference 1-18.

20. Plaintiff's claims damages under 42 U.S.C. §1981 (a) for discrimination set forth above against Defendant because Defendant property manager for the Plaintiffs, failed to provide the same benefits, in repairing issues, of the property, to the Plaintiffs, who are black, as the same of the white neighboring residents.

## COUNT II
### Violation of 42 U.S.C. §1981 (b)
### Against the Defendant

21. Plaintiff's re-alleges and incorporates by reference 1-20.

22. Defendant has failed the Plaintiffs the enjoyment, benefits, privileges, terms and conditions of their contractual lease relationship, in ensuring that the Plaintiffs apartment is livable.

## COUNT III
### Violation of Florida Statutes Chapter 83.51 (1)(a)
### Against the Defendant

23. Plaintiff's re-alleges and incorporates by reference 1-22.

24. Defendant failed to supply hot water to the Plaintiffs apartment for the last 11 months, in which the Defendant has violated the State of Florida "Implied Warranty of Habitability", in which failing to provide hot water is a health code violation.

## COUNT IV
### Violation of Florida Statutes Chapter 64e-12-Florida Administrative Code
### Against the Defendant

25. Plaintiff's re-alleges and incorporates 1-24.

26. Defendant, as a property management company, is responsible for ensuring that their

rental properties hot water, in the State of Florida, is maintained at 100 degrees Fahrenheit; and if their rental properties, hot water, is less than 5 degrees, constitutes a violation. The Plaintiffs apartment hot water is non-existence, because of the underground leak, that the Defendant refuses to fix.

## COUNT V
## Unjust Enrichment
## Against the Defendant

27. Plaintiff's re-alleges and incorporates by reference 1-27.

28. Defendant has benefited from the Plaintiffs monthly rental payments for the last 11 months, totaling $14,055.80 to date, regardless of having shown a total disregard to repairing the major issue under the Plaintiffs apartment.

## COUNT VI
## Negligence
## Against the Defendant

29. Plaintiff's re-alleges and incorporates 1-28.

30. Defendant has acted in negligence for the last 11 months, in not repairing the hot water leak, under the Plaintiffs apartment.

## COUNT VII
## Violation of 42 U.S.C. 3604 (b) Fair Housing Act Discrimination
## Against the Defendant

31. Plaintiff's re-alleges and incorporates by reference 1-31.

32. Defendant violated the Fair Housing Act (FHA), as the Defendant accepts Section 8 and Housing Vouchers for residents. Plaintiff's apartment monthly rent is based on their income, in which it is a violation to discriminate against residents who benefit from FHA programs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests this Honorable Court:

A. Enter judgment in favor of Plaintiffs against Defendant;

B. Enter an order declaring Defendant conduct unconstitutional;

C. Award Plaintiffs Special Damages in the amount of $15,968.70 USD;

D. Award Plaintiffs Punitive Damages in the amount of $1,000,000.00 USD to deter and punish Defendant from committing acts complained herein in the future;

E. Award Plaintiffs attorney fees and costs;

F. Enter a temporary injunctive, upon proper motion, requiring Defendant to cease any eviction activities against the Plaintiffs, until this action is settled;

G. Grant Plaintiffs such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

## JURY TRIAL DEMANDED

Plaintiff's demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Date: October 12, 2020                                  Respectfully Submitted,

                                                        _____
                                                        Steven P Lee
                                                        1208 Pine Circle
                                                        Greenacres, FL 33463
                                                        Tel: 813.270.3403
                                                        Email: slee.president72@gmail.com
                                                        Plaintiff

                                                        _____
                                                        Kumarie Williams
                                                        1208 Pine Circle
                                                        Greenacres, FL 33463
                                                        Tel: 561.574.5446
                                                        Email: kumarie1978@aol.com
                                                        Plaintiff